IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES LEWIS GRESHAM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-636-GBW |
| | ) |
| U.S. DEPARTMENT OF JUSTICE | ) |
| and FEDERAL BUREAU OF | ) |
| INVESTIGATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Charles Lewis Gresham, Jr., Wilmington, Delaware. Pro Se Plaintiff.

October 18, 2022
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff Charles Lewis Gresham, Jr., commenced this action on May 13, 2022. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff attempted to purchase a firearm in May 2020. (D.I. 2 at 5) He alleges that his request was denied by the Department of Justice. (*Id.*) Plaintiff was told by the DOJ that he is in a "denied status" to purchase firearms based upon his criminal background. (*Id.*) The DOJ told Plaintiff that he would remain in a "denied status" "unless the appropriate documentation [was] submitted to the FBI's Criminal Justice Information Services Division. (*Id.*)

Plaintiff contacted the Maryland State Commissioner of Criminal Sentencing where Plaintiff was convicted and was advised that his criminal charges did not preclude him from purchasing a weapon. (*Id.* at 6) Plaintiff wrote the DOJ and provided it the information. (*Id.* at 7) Plaintiff contends that the DOJ erred in determining that he is a person prohibited from owning a firearm.

1

Plaintiff asks the Court to restore his Second Amendment rights to purchase and own a firearm. (*Id.* at 9)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or

2

"fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

3

plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

## III. DISCUSSION

Plaintiff appears to allege that Defendants violated his right to bear arms under the Second Amendment to the United States Constitution. It is well-settled "that the United States of America may not be sued without its consent[.]" *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Dalm*, 494 U.S. 596, 608 (1990). The consent "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). "Absent a waiver, sovereign immunity shields the Federal Government. . . ." *F.D.I.C.*, 510 U.S. at 475; *see Mierzwa v. U.S.*, 282 F. App'x 973, 977 (3d Cir. 2008). "Sovereign immunity is jurisdictional in nature," and consequently, if the United States has not waived sovereign immunity, the case must be dismissed for lack of subject matter

4

jurisdiction. *Balice v. United States*, 2018 WL 3727384, at *3-4 (D.N.J. Aug. 6, 2018) (quoting *F.D.I.C.*, 510 U.S. at 475).

The United States is not subject to suit for constitutional torts, including the civil rights claims Plaintiff seeks to raise, because it is entitled to absolute sovereign immunity absent an explicit congressional waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action.) The FBI and DOJ, as federal agencies, are thus immune from suit. *See, e.g., Hindes v. F.D.I.C.*, 137 F.3d 148, 158-59 (3d Cir. 1998); *Martinez v. Eagle Disposal*, 783 F. App'x 206, 209 (3d Cir. 2019) (per curiam) (determining that claims asserted against the FBI for wiretapping were barred by sovereign immunity).

Defendants have sovereign immunity and, therefore, the case must be dismissed for lack of subject matter jurisdiction.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint for lack of subject matter jurisdiction.

An appropriate Order will be entered.

5